UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KIPLEN D. EVANS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-432-TAV-HBG |
| | ) | |
| SHERIFF DAVID RAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Attorney [Doc. 28], filed by Attorney Robert Vogel, who currently serves as counsel for the Plaintiff Kiplen D. Evans, Jr.. The Defendants have stated that they do not oppose Mr. Vogel's request to withdraw. [Doc. 29]. The parties appeared before the undersigned via telephone on August 11, 2015, to address this motion. Mr. Vogel confirmed that he had not filed any evidence of his attempts to contact the Plaintiff regarding his withdrawal, but Mr. Vogel agreed to file supplemental evidence of his attempts in the record on or before August 25, 2015. Mr. Vogel has filed the Affidavit of Attorney Robert L. Vogel, the Affidavit of Legal Assistant Karen Vogel, and a copy of a returned envelope that was mailed to Plaintiff Kiplen D. Evans, Jr., [Docs. 33-1, 33-2, 33-3].

Having reviewed these filings and the record as a whole, the Court finds that the Motion to Withdraw as Attorney [Doc. 28] is well-taken, and it will be **GRANTED**.

Local Rule 83.4 governs withdrawal of attorneys from cases pending in the Eastern District of Tennessee. It requires that counsel: request permission to withdraw; include the current mailing address and telephone number of the client; provide a copy of the motion to the client fourteen days prior to filing; and certify that the requirements of the rule have been met. See E.D. Tenn. L.R. 83.4(f).

In this case, Mr. Vogel attempted to mail a copy of the Motion to Withdraw to Mr. Evans. Ms. Karen Vogel, Mr. Vogel's legal assistant, has attested that she prepared the motion and has implied that she mailed the motion to Mr. Evans's address at the Claiborne County jail. [Doc. 33-2 at ¶¶ 2-5]. Mr. Vogel and Ms. Vogel both attest that the information they have gathered indicates that Mr. Evans was released from the custody of Claiborne County in 2014. [Doc. 33-1 at ¶ 1; Doc. 33-2 at ¶ 6].

Mr. Vogel also represented to the Court at the hearing that Mr. Evans was not able to provide Mr. Vogel information about where he would be residing or would receive mail after he was released from detention. Mr. Vogel represented that, as a result, he requested that Mr. Evans contact him after Mr. Evans was released. Mr. Vogel attests that Mr. Evans has not contacted Mr. Vogel or provided a mailing address to Mr. Vogel since his release. [Doc. 33-1 at ¶ 3]. Despite reasonable efforts, Mr. Vogel has not been able to determine Mr. Evans's current mailing address.

Based upon the foregoing, the Court finds that Local Rule 83.4's requirement that counsel include the current mailing address and telephone number of the client and the requirement that counsel provide a copy of the motion to the client fourteen days prior to filing be deemed waived. Moreover, the Court finds that Mr. Evans has actual knowledge that this case is pending in this Court, see Letter from Mr. Evans, Aug. 13, 2013, requesting update on

status of case, [Doc. 4], and the Court finds that Mr. Evans has not attempted to contact the Court or Mr. Vogel regarding the status of this case.

Accordingly, the Court finds that the Motion to Withdraw as Attorney **[Doc. 28]** is well-taken, and it is **GRANTED**. Attorney Robert Vogel is **RELIEVED** of his duties as counsel in this case, except that Mr. Vogel shall turn over his file to Mr. Evans upon request.

Mr. Evans is hereby **ADMONISHED** that he is **DEEMED** to be proceeding *pro se*. Until he obtains substitute counsel, it is his obligation to prosecute this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, see E.D. Tenn. L.R. 7.1. Mr. Evans like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

The Clerk of Court is **DIRECTED** to enter 160 Evans Acre, Cumberland Gap, Tennessee, 37724 in the docket as Mr. Evans's mailing address. Mr. Evans identified this address as his permanent home address and the address of his nearest relative when he filed his Complaint in July 2013. [Doc. 2 at 3]. At this juncture, the Evans Acre address appears to be the best and only address the Court has for Mr. Evans.

Further, the Clerk of Court is **DIRECTED** to mail a copy, via certified mail with return receipt, of this Memorandum and Order, along with the Scheduling Order [Doc. 26] and the Chief District Judge's most recent Order [Doc. 30] to Mr. Evans at the above address.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

3